AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) ) | Case No. |
| Antonio RAMOS and | ) | |
| Marcelino MORENTN Martinez | ) ) ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of _____July 26, 2023_____ in the county of _____Webb_____ in the _____Southern_____ District of _____Texas_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554 | Did knowingly conspire with known and unknown individuals to export or send from the U.S. or attempted to export or send from the U.S., firearms, and magazines, contrary to any law or regulation of the U.S., or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the U.S. |

This criminal complaint is based on these facts: See attachment "A"

✔ Continued on the attached sheet.

Submitted by reliable electronic means per Fed.R.Crim.P. 4.1, Cesar Ruiz sworn to and signature attested telephonically on July 28, 2023, at Laredo, Texas.

/s/ Cesar Ruiz

DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

Judge

# Attachment A

I, Cesar Ruiz Jr., a Special Agent with Homeland Security Investigations, declare and state as follows:

1. On July 26, 2023, at approximately 1:30 p.m., Bureau of Alcohol, Tabacco, Firearms and Explosives (ATF) provided Homeland Security Investigation (HSI) Border Enforcement Security Taskforce (BEST) information of a vehicle suspected of smuggling firearms into Mexico.

2. HSI BEST provided the information to Customs and Border Protection Officers (CBPOs) conducting outbound operations at the Lincoln/Juarez Port of Entry (POE) in Laredo, Texas.

3. The vehicle identified as a black Jeep Patriot bearing Texas license plates was encountered by CBP exiting the United States into Mexico. CBPOs identified the driver as Antonio RAMOS a United States citizen and the passenger as Marcelino MORENTIN Martinez a Mexican citizen.

4. During primary inspection, a CBPO received a negative declaration from RAMOS for weapons, weapon parts, ammunition, and currency in excess of $10,000 USD. RAMOS stated he was traveling from Houston, Texas to Colima, Mexico in his vehicle.

5. The vehicle was referred to the secondary area for further inspection.

6. Homeland Security Investigations (HSI) special agents (SAs) with assistance of other federal, state, and local officers were advised and responded to the POE to interview RAMOS and MORENTIN.  RAMOS and MORENTIN were read their Miranda Rights and agreed to answer questions without an attorney present. During a pat down a rifle magazine was discovered concealed in MORENTIN's groin.

7. RAMOS admitted MORENTIN and himself received money from an unknown person in Mexico to purchase firearms in Houston, Texas to be smuggled into Mexico. RAMOS stated once in the Houston, Texas, MORENTIN provided him with the additional money to purchase the firearms since MORENTIN is a Mexican citizen.

8. During the interview RAMOS provided the location of where the firearms were concealed in the vehicle.  RAMOS admitted MORENTIN and himself concealed the firearms throughout the vehicle to be smuggled into Mexico.  RAMOS stated once the firearms were successfully smuggled into Mexico, MORENTIN and himself would be paid. RAMOS stated he purchased firearms for MORENTIN in the past.

9. RAMOS admitted he knew it was illegal to smuggle weapons into Mexico and did not possess any type of license to export weapons/firearms into Mexico. The firearm,

firearm components, and ammunition were seized by CBP are listed on the Commerce Control list and are illegal to export without a license and/or declaration.

10. During MORENTIN's interview, MORENTIN denied knowledge of the firearms concealed in the vehicle. MORENTIN admitted he accompanied RAMOS to a gun show in Houston, Texas and did not purchase anything.

11. A consent search of MORENTIN's cell phone revealed he is part of a group chat in Mexico brokering firearms. During the search of the cell phone, special agents discovered that the conversations regarding the Mexican brokering firearms group were deleted. MORENTIN claimed messages were deleted due to insufficient memory in his cell phone.

12. Upon the discovery of the rifle magazine concealed in MORENTIN's groin, MORENTIN requested an attorney.

13. CBP discovered a total of ten pistols, twenty-six magazines, three pistol grips and three red laser dots concealed throughout the vehicle.

14. The following items were seized by CBP:

- 380 Glock 28                 S/N: AHSK026
- .380 Glock 28                S/N: AHSG625
- .22LR Colt                   S/N: WD085089
- .22LR Kel Tec P17            S/N: GPL23
- .22LR Kel Tec P17            S/N: GV548
- Kel Tec PMR 30               S/N: WYPQ74
- .22LR Sig Sauer P322         S/N:73A042709
- Glock 47 22LR                S/N: AHEZ458
- Glock 47 22LR                S/N: AHEZ456
- Tisas Fatih 13               S/N: T0620-21J02382

15. The pistols and firearm magazines seized by CBP are listed on the Commerce Control list and are illegal to export without a license and/or declaration. illegal